Filed 7/30/21  P. v. Briseno CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075884 |
| v. | (Super.Ct.No. INF042283) |
| RICHARD LUIS BRISENO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Dean Benjamini, Judge. Affirmed.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene A. Sevidal and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2003, Richard Luis Briseno pled guilty to carjacking and kidnapping for purposes of robbery and was sentenced to 33 years in prison. In 2019, the California Department of Corrections and Rehabilitation (CDCR) recommended recalling and reducing his sentence based on his exemplary behavior while in prison. (Pen. Code, § 1170, subd. (d).) The trial court declined the CDCR's recommendation. On appeal, Briseno argues this was an abuse of discretion. We conclude the court's decision not to reduce his sentence was reasonable and affirm.

I

FACTS

In 2002, the Riverside County District Attorney charged Briseno with carjacking (Pen. Code, § 215, subd. (a)), robbery (Pen. Code, § 211), kidnapping for purposes of robbery with personal use of a firearm (Pen. Code, § 209, subd. (b)(1)), and kidnapping. (Pen. Code, § 207, subd. (a), unlabeled statutory citations refer to this code.) The information also alleged Briseno had one prior serious felony conviction (§ 667, subd. (a))—which qualified as a strike conviction—and that he personally used a firearm while committing the first three charges. (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c), 12022.53, subd. (b).)

Briseno pled guilty to carjacking and robbery, and admitted the firearm use enhancement, prior strike, and prior serious felony. Following the terms of the plea agreement, the trial court sentenced him to 33 years in prison, composed of nine years for the carjacking (doubled to 18 due to the prior strike), 10 years for the firearm

2

enhancement, and one five-year term from the prior serious felony enhancement. The sentence also included a 10-year term for the robbery conviction, which the court stayed under section 654.

In 2019, the Secretary of the CDCR sent the trial court a letter recommending it recall Briseno's sentence in accordance with section 1170, subdivision (d). The prosecution opposed the recommendation, arguing Briseno received the benefit of his bargained for sentence and was not entitled to resentencing.

The trial court held a hearing on the recommendation on October 6, 2020, and declined to modify the sentence. Briseno timely appealed.

II

ANALYSIS

Section 1170, subdivision (d)(1), authorizes the court, "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d)(1).) "This provision thus creates 'an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.)

"We review the trial court's decision whether to recall a defendant's sentence for an abuse of discretion." (*People v. McCallum* (2020) 55 Cal.App.5th 202, 211

(*McCallum*).) " ' "Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' " [Citation.] The abuse of discretion standard "involves abundant deference" to the court's ruling.' " (*Ibid.*, italics omitted.)

In exercising this discretion, "the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' " (*McCallum*, *supra*, 55 Cal.App.5th at p. 210). It may also "consider 'postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice.' " (*Ibid.*)

Briseno argues the trial court's refusal to follow CDCR's recommendation was an abuse of discretion because his record while in prison was exemplary. He emphasizes the fact that for the past five years he has had no gang affiliations and no rule violations. In short, he argues that the record contains more factors weighing in favor of CDCR's recommendation than against.

We agree Briseno's behavior since his conviction—and particularly since he renounced his gang affiliation—shows real reform, for which we commend him.

4

However, we cannot agree the trial court's decision not to resentence him was arbitrary, capricious, or irrational. As the trial court explained, it was uncomfortable shortening Briseno's term "given the remarkable life of violence [he] lived up until the time he was placed in prison avoiding a life term." The court balanced this against "this period of what I think is a start of him being reformed for the past five years," and concluded the relatively brief period of reform wasn't sufficient to warrant resentencing. This was especially true because the conduct underlying his conviction was, in the trial court's view, "horrific." Moreover the court noted Briseno's negotiated plea let him avoid an indeterminate life sentence for a determinate term and that he "did save his life by electing to take a determinant term," rather than face potential life in prison. Given this, it concluded that "although I see a tremendous amount of reformation, I also see that there was a life sentence," and that it would not "be appropriate at this time to simply say . . . '. . . [y]ou bargained for the [33], but because you've done a good job, now you're going to be getting out significantly earlier.' "

In other words, the court considered several of the factors contemplated by section 1170, subdivision (d), but concluded they did not weigh in Briseno's favor given his record and relatively late reform. Even if we were to disagree with this assessment, we would not be able to say it was arbitrary or irrational.

Because we conclude the trial court did not abuse its discretion in declining to resentence Briseno, we do not address the People's argument that section 1170,

5

subdivision (d), does not permit a trial court to modify a sentence entered after a negotiated plea.

## III

## DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:


MILLER _____
Acting P. J.


FIELDS _____
J.

6